DECISION. *Page 2 
{¶ 1} Petitioner-appellee Michael D. Allison pleaded guilty to criminal sexual assault on September 11, 1992, in Kane County, Illinois. Allison was released from prison in 1994. Under Illinois law, he was required to register as a sexual offender for ten years. In 2006, Allison moved to Ohio. Although it is not clear from the record, it appears that he was automatically classified as a sexual predator under former R.C. 2950.09(A).
 {¶ 2} Allison filed a petition under former R.C. 2950.09(F) to have the sexual-predator classification removed. On May 1, 2007, the Hamilton County Common Pleas Court entered an order captioned "agreed sex offender classification entry." The entry stated that Allison was to be classified, under former R.C. Chapter 2950, as "a sexually oriented offender under Ohio law for purposes of registration in Hamilton County, Ohio." The entry specifically stated that Allison remained "subject to the registration laws of the state of Illinois." Allison was ordered to register annually with the Hamilton County Sheriff. The entry also provided that "in the event that Michael D. Allison is relieved of his registration requirements by the State of Illinois, this court will terminate his duty to register in Hamilton County."
 {¶ 3} In December 2007, Allison received a notice from the Ohio Attorney General stating that he had been reclassified as a Tier III sex offender and that he was required to register with the local sheriff every 90 days for life. On January 2, 2008, Allison filed a petition under R.C. 2950.031(E) to contest his reclassification. He filed an R.C. 2950.11(F)(2) motion on April 23, 2008, for immediate relief from the community-notification provisions. Following a hearing, the trial court found that Allison was "not required to register as a sex offender because of the expiration *Page 3 
of time under his original order." The court determined that Allison was "not subject to the registration requirements and [was] no longer ordered to report." The court's entry specifically stated that Allison was "not relieved of any current reporting requirements in Illinois[.]"
 {¶ 4} The state has appealed and has raised one assignment of error, which alleges that the trial court erred in terminating Allison's duty to register as a sex offender.
 {¶ 5} In 2007, the General Assembly enacted Am. Sub. S.B. No. 10 ("Senate Bill 10") to implement the federal Adam Walsh Child Protection and Safety Act of 2006. Senate Bill 10 amended various sections of the Ohio Revised Code, including R.C. Chapter 2950. When Senate Bill 10 is discussed in this decision, only the sections that amended former R.C. Chapter 2950 are included.
 {¶ 6} Prior to Senate Bill 10, offenders who committed a sexually oriented offense that was not registration-exempt were labeled a sexually oriented offender, a habitual sexual offender, or a sexual predator based upon the crime committed and the findings made by the trial court at a sexual-offender classification hearing. Under Senate Bill 10, offenders are placed in tiers based solely on the offense committed.[1] Tier I offenders are required to register for 15 years and to verify their addresses annually.[2] Tier II offenders must register for 25 years and verify their addresses every 180 days.[3]
Tier III offenders are required to register for life and to verify their addresses every 90 days.[4] Senate Bill 10 provides for the reclassification *Page 4 
of offenders who were classified prior to its enactment based solely on the offense for which they were convicted.[5]
 {¶ 7} The May 1, 2007, order classified Allison under former R.C. 2950
as a sexually oriented offender. He was reclassified by the Attorney General as a Tier III offender under Senate Bill 10. At the hearing on his petition to contest his reclassification, Allison was required to prove by clear and convincing evidence that the new registration requirements did not apply to him.[6]
 {¶ 8} Allison testified that he had been convicted of a "sexual offense" in Illinois in 1992. Upon his release from prison on April 1, 1994, he had been required to "report as a sexual offender * * * once a year for ten years."[7] Allison stated, "I was on supervised release for two years and had to go through the parole system and then [I was] released from the parole system and it was just registration."[8]
Based upon this testimony, the trial court found that Allison's reporting requirements had expired in 2004, and that, therefore, Allison was not subject to Senate Bill 10's registration requirements.
 {¶ 9} The May 1, 2007, entry was submitted into evidence at the hearing. That entry specifically stated that "Michael D. Allison remains subject to the registration laws of the State of Illinois" and that "in the event that Michael D. Allison is relieved of his registration requirements by the State of Illinois, this Court will terminate his duty to register in Hamilton County." If, as the entry indicates, Allison was subject to registration under Illinois law in 2007, then his registration requirements did not expire in 2004. The conflict was apparent to the trial court as *Page 5 
evidenced by the court's remark that the ten-year requirement "appeared" to be finished but that Allison "still may be subject to some requirement [in Illinois]."[9] In fact, the court's entry granting Allison's R.C. 2950.031(E) petition states that Allison "is not relieved of any pending reporting requirements in Illinois."
 {¶ 10} We hold that, in light of the conflicting evidence, the trial court's determination that Allison's registration requirements had expired and that he was not subject to Senate Bill 10's registration requirements was against the manifest weight of the evidence. The cause must be remanded for a new hearing to determine if and when Allison's reporting requirements had expired in Illinois. Once that determination has been made, the question of whether Allison is subject to Senate Bill 10's requirements can be resolved. The assignment of error is sustained.
 {¶ 11} The judgment of the trial court is reversed, and the cause is remanded for a new hearing on Allison's R.C. 2950.031(E) petition and for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
HILDEBRANDT and DINKELACKER, JJ., concur.
[1] See State v. Clay, 177 Ohio App.3d 78, 2008-Ohio-2980,893 N.E.2d 909.
[2] See R.C. 2950.07(B)(3); R.C. 2950.06(B)(1).
[3] See R.C. 2950.07(B)(2); R.C. 2950.06(B)(2).
[4] See R.C. 2950.07(B)(1); R.C. 2950.06(B)(3).
[5] See State v. Williams, 12th Dist. No. CA2008-02-029,2008-Ohio-6195, ¶ 17, citing In re Smith, 3rd Dist. No. 1-07-58,2008-Ohio-3234, ¶ 32.
[6] See R.C. 2950.031(E).
[7] T.p. 5-6.
[8] T.p. 6.
[9] 9 T.p. 15. *Page 1